# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

GEORGE F. KLECAN,

      Plaintiff and Counter-Defendant,

    v.                                       Civil No. 15-00016 WJ/KBM

JANET SANTILLANES as Trustee
of the Eugene E. Klecan and Jane F. Klecan
Revocable Trust dated March 11, 1999 as Amended,

      Defendant and Counter-Plaintiff.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
### and
## DISMISSING ALL OF PLAINTIFF'S OTHER CLAIMS

THIS MATTER comes before the Court upon Defendant's Motion for Partial Summary Judgment, filed August 21, 2015 **(Doc. 36).**  Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well-taken and, accordingly, is GRANTED.  In addition, the Court finds that Plaintiff's other claims should be dismissed as well, as a result of the court's finding that Plaintiff has forfeited his inheritance under the Klecan Trust.[1]

## BACKGROUND

This is a family dispute among siblings over assets from a trust ("Klecan Trust") created by their parents as the Grantors. Plaintiff George Klecan ("Plaintiff") filed this case in federal court asserting diversity jurisdiction: Plaintiff resides in Texas; Defendant is a citizen of New Mexico, and the Trust at issue here is administered in New Mexico.   Plaintiff is one of eight siblings who are beneficiaries in line for distribution of the Klecan Trust assets, and Janet Klecan

---

[1]  The Court issues this Opinion without the benefit of Defendant's reply, since the Court's ruling favors Defendant and since the Court finds no reply is necessary.

Santillanes ("Defendant" or "Trustee") is his younger sister and the sole Trustee of the Klecan Trust.

Count I in the Petition ("Complaint") alleges bad faith in that the Trustee has threatened disinheritance and has demanded releases in exchange for a beneficiary's distribution; Count II claims that the Trustee has refused to distribute trust assets in accordance with the trust terms and New Mexico law; and Count III alleges a breach of duty of loyalty by the Trustee in treating the Plaintiff with hostility while self-dealing with her immediate family members. Count IV seeks removal of the Trustee; and Count V requests that the Court declare that the "contestability" provision of the trust has not been triggered and that the Trustee does not have the authority to demand a release in exchange for the distribution of George's share. Count VI is a request for injunctive relief to enjoin the Trustee from setting aside an unreasonable amount of Trust funds as a reserve for litigation and that Plaintiff's 1/8th beneficiary share not be used to fund legal action against him.

The main asset of the Klecan Trust comes from the sale of La Plaza Apartments which sold for almost $2.9 million in June 2014.  Plaintiff contends that the Trustee has engaged in self-dealing in which her household has been enriched through the hiring of her husband, Abraham Santillanes, who managed and supervised work at the La Plaza Apartments, and that this "self-dealing" is a breach of the duty of loyalty under the Uniform Trust Code and New Mexico case law.  Plaintiff also claims that the Trustee has filed with the Court her accountings for the years 2013 and 2014 that contain improper payments related to her self-dealing and improper off-sets against him.  Both parties have filed motions for partial summary judgments. Plaintiff sought summary judgment on Counts II and III, as well as on the Trustee's counterclaim

for declaratory relief, which requests approval of the Trustee's accountings.  The Court recently denied Plaintiff's motion for partial summary judgment on Counts II and III.  *See* Doc. 38.

Defendant claims that Plaintiff has forfeited his share of the Trust assets under the express terms of the Trust, specifically the provision stating that any beneficiary who disputes the validity of the Trust or asserts any claim against any properties of the Trust forfeits his interests under the Trust.  Defendant asks the Court to either declare that Plaintiff has forfeited his inheritance, or in the alternative seeks a judicial Order requiring the Trustee to distribute George's share of the assets after offsetting certain expenses.

## I.    Undisputed Facts[2]

### A.    Undisputed Facts Material to Klecan Trust and La Plaza Apartment Partnership

Eugene and Jane Klecan ("Grantors") created a Revocable A/B Trust in March 1999, entitled the "Eugene E. Klecan and Jane F. Klecan Revocable Trust." The Trust is a valid, conventional gift trust through which Eugene and Jane Klecan's assets were to transfer to their eight children.  The Trust terms state that it was established and accepted "under the laws of the State of New Mexico, and all questions concerning its validity and construction shall be determined under such law." Provision 1.2 of the Trust states that "[t]he Trust is primarily for the benefit of the Grantors while living and for the benefit of the Grantors' descendants after the death of both Grantors." Under the terms of Trust, Plaintiff and his seven other siblings are named as the beneficiaries.

Section §14.5A of the Klecan Trust specifically expresses Grantors' clear intention that if any beneficiary of the Trust asserts any claim, right or interest whatsoever, other than pursuant to the express terms of the Trust, or directly or indirectly contests, disputes or calls into question the

---

[2]   The undisputed facts included here are supported by exhibits attached to the pleadings, which do not require repeating here.  Facts are undisputed unless otherwise noted, and the Court will omit any non-responsive statements by Plaintiff to Defendant's statement of facts.  The Trust is attached to the Petition, *see* Doc. 1-1.

validity of the Trust, then such beneficiary thereby absolutely forfeits any beneficial interests such beneficiary might otherwise have under the Trust. The Klecan Trust also expressly provides that if a beneficiary "asserts any claim whatsoever" against "any properties of this trust" (other than pursuant to the express terms of the Trust), then that beneficiary absolutely forfeits his interests under the Trust.

Grantors selected and designated Defendant, their daughter, as Trustee of the Klecan Trust.  Grantors selected, and designated, their daughter Mary Klecan as successor Trustee and their son John A. Klecan as second successor Trustee.  Plaintiff asserts that Defendant should not be Trustee of the Klecan Trust. Grantor Eugene E. Klecan died in 2007 and Grantor Jane F. Klecan died in January  of 2013.

The Klecan Trust was revocable in its entirety until February of 2007, when Grantor Eugene E. Klecan died.  At that point, the Klecan Trust was divided into Trust A and Trust B. In other words, Trust A and Trust B did not come into existence until the death of the first Grantor in February of 2007.  Trust A was the "survivor's trust"; Grantor Jane F. Klecan was the "survivor."  Trust B was the "decedent's trust"; Grantor Eugene E. Klecan was the "decedent." During their lifetimes, Grantors Eugene and Jane Klecan had the authority to amend and modify their Revocable Trust.  In their original Revocable Trust, the Grantors provided in §8.1, that all eight beneficiaries would be members of a Trust Advisory Committee which would be responsible for the operation and sale of real estate in the Trust and also provided that Plaintiff had a five year veto over the sale of La Plaza Apartments.  The Court understands this veto provision to mean that Plaintiff could prevent any proposed sale of the La Plaza Apartments for five years.

In 2005, the Grantors amended §8.1 of their Revocable Trust.  This Second Amendment changed the Trust Advisory Committee to three members: Mary Klecan, Mark Klecan and Defendant.  Amendment Two also removed the provision that granted Plaintiff a five year veto over the sale of La Plaza Apartments.  That Second Amendment was signed by both Grantors in 2005.  The Court makes the specific finding that the Second Amendment to the Trust is a valid Amendment.

La Plaza Apartment Partnership filed an eviction proceeding against Plaintiff in Tarrant County Court in Texas.  One of Plaintiff's Texas attorneys filed "Defendant's Plea to the Jurisdiction and First Amended Answer" in that eviction proceeding, in which Plaintiff asserted that he still had "a five year right to veto the sale of the La Plaza Apartments" despite the Second Amendment to the Trust, contending that the Second Amendment is invalid and has no legal effect.  Deft's Ex. B, ¶¶6-7.  Also, contrary to Grantors' 2005 Second Amendment to their Trust, in 2013 Plaintiff claimed the right to be "a present member of the Trust Advisory Committee" and the right to control and/or manage the sale of La Plaza Apartments.  Plaintiff has also asserted that La Plaza Apartment Partnership was "an illegally created entity . . . ."

Plaintiff does not actually dispute the assertions concerning challenges to the Second Amendment to the Trust. Instead, he claims that he made these assertions relying on advice of counsel who believed that the Second Amendment to the Trust might be invalid.   Doc. 40-1, ¶¶14, 15.   However, because Plaintiff does not deny that these assertions were made by his attorneys on his behalf, the Court accepts them on his behalf as well.

Plaintiff has directly or indirectly contested, disputed or called into question the validity of Grantor's Second Amendment to their Trust. See Ex. B and Affidavit of Trustee dated August 20, 2015.  He has also asserted claims for "compensatory and punitive damages," including

claims for damages which he alleges were caused by Trustee's "willful misconduct, negligence and breaches of trust . . ." See Ex. C (Initial Disclosures). Plaintiff seeks damages in an estimated amount of $453,000.00 (Ex. C), and has asserted claims against the Trust/Trustee for "wrongful eviction" and "retaliatory breach of contract" (Ex. B and Trustee Aff., ¶ 8). These are claims which are not pursuant to the express terms of the Trust.

Plaintiff asserts that the facts presented by Defendant concerning Plaintiff's damage claims "misstate" the pleadings on which they are based, in that Plaintiff is only requesting his beneficiary share under the Trust. However, based on the evidence presented by Defendant (and which is undisputed), the amount of $453,000.00 does not simply represent Plaintiff's 1/8 share of his inheritance. According to the Trustee's accounting, the amount available for distribution following advances that were already made, is $2,374,505.24. If Plaintiff has not forfeited his share, he is entitled to $296,813.16 before any deduction for offsets and expenses he has caused the Trust to incur. With the offsets and advances figured in, Plaintiff was entitled to a 1/8th share of $190,559.84 after he signed and returned the release and acknowledgement form, which he has refused to do. Thus, the $453,000.00 Plaintiff seeks is *not* simply his inheritance; rather, it is the relief in damages he is requesting in the lawsuit.

Since Jane F. Klecan's death in January of 2013, Defendant has acted as sole Trustee of the Klecan Trust. See ¶ 7 to Trustee's Counterclaim, admitted by Plaintiff. On June 23, 2013, Plaintiff personally made "a formal request" via email to Defendant that she "resign as trustee." On June 23, 2013, Plaintiff advised Defendant via email that "If you refuse to resign, I will be forced to seek legal representation to have you removed as trustee." Trustee Aff., ¶ 1. Plaintiff

has contested, disputed, or called into question the Grantors' selection of Defendant as the

Trustee. Trustee Aff, ¶ 1.[3]

In a post to an on-line forum, Plaintiff asked "Could I sign off on my claims against the

trust and still sue her as an individual?"  Trustee Aff., ¶ 9.  In another post to the same website,

Plaintiff asked "What if I were to take the $200K and sign their release, then come back in a year

or so and sue, claiming that the release was obtained by duress? I believe that courts have held

such a release to be invalid."  *Id.,* ¶ 10.

      B.     <u>Undisputed Facts Material to Advances Received by Plaintiff</u>

Advances made to a beneficiary were deducted from each beneficiary's 1/8th share of the

proceeds from the sale of La Plaza Apartments before distribution to that beneficiary.  In

December of 2012, Plaintiff e-mailed Grantor Jane F. Klecan stating in pertinent part:

> you gave me a $10,000.00 distribution last year, and if you do that this year, it is
> tax-free for me, and you can deduct that from my inheritance.

Trustee's Aff., ¶ 2.  Grantor Jane Klecan gave George a $10,000.00 distribution in 2011, and

another $10,000 distribution in 2012.  On July 11, 2013, George e-mailed Trustee, stating in

pertinent part:

> If I understand you correctly, I would accept a $50,000.00 advance on my
> inheritance, to be deducted from my portion when LPA is sold . . . Presumably,
> the advance would be tax-free.

Trustee Affidavit, ¶ 3.

On July 15, 2013, Plaintiff received a $50,000 check from Trustee.  The cover letter with

that check stated that the $50,000 was "an advance on your inheritance." *See* Ex. D (copy of

check).  The memo line on that $50,000 check stated "Advance on inheritance."  *Id.*  George sent

---

[3]  Plaintiff "denies" this fact, claiming that he did not call into question the selection of Defendant as successor
Trustee but rather petitioned the Court for "relief" due to her breaches of the Trust.  Pltff's Resp. to Deft's SOF 38.
Nevertheless, the "relief" requested by Plaintiff is the removal of Defendant as Trustee, and this fact remains
undisputed.

an e-mail to Trustee on July 15, 2013, with the subject line "ADVANCE," acknowledging receipt of that $50,000 check. *See* Ex. D. Based on the advances received by Plaintiff, in Defendant's proposed schedule of distribution, Defendant deducted $70,000 from the amount of the proposed distribution to Plaintiff for the advances he has already received. *See* Ex. A (calculations of offsets).

Plaintiff contends that Defendant's reference to an e-mail in the Trustee's Affidavit is inadmissible evidence as presented. While it would have been preferable for Defendant to attach the e-mails as exhibits to her Affidavit, these exhibits are nevertheless sufficient to accomplish its purposes for Rule 56 purposes. At the summary judgment stage, evidence need not be submitted in a form that would be admissible at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). For example, parties may submit affidavits in support of summary judgment, despite the fact that affidavits are often inadmissible at trial as hearsay, on the theory that the evidence may ultimately be presented at trial in an admissible form. *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Also, the fact that the referenced e-mails pertain to statements by Plaintiff would remove those statements from the hearsay category under Rule 801(d)(2) and thus, the Court may properly consider these items. Plaintiff also disputes the facts concerning the $50,000 advance by noting that Defendant omitted the fact that he was also entitled to a $50,000.00 "bonus" he was promised because of his "decades of service" as the manager of La Plaza Apartments. Pltff's Resp. to Deft's SOF 16, Ex. 2. However, that additional fact does not refute the fact presented by Defendant in that Plaintiff *did* receive a $50,000.00 advance on his inheritance in July of 2013.

C.   Undisputed Facts Material to Offsets Against Plaintiff's Share (if not forfeited)

Plaintiff was employed as manager of La Plaza Apartments for thirty years, until June/July of 2013. Plaintiff continued to occupy the manager's apartment at La Plaza Apartment after he was no longer manager.  Defendant as Trustee requested that Plaintiff vacate the manager's apartment by August 1, 2013 and offered to allow Plaintiff to move into another apartment at La Plaza.

Plaintiff refused to move from the manager's apartment into another apartment at La Plaza until after the Tarrant County Court entered its Order of eviction. See Trustee Aff., ¶ 12. Plaintiff paid $100/month rent for August, September and October, 2013 for the manager's apartment which he occupied at La Plaza Apartments pursuant to a lease which he prepared for himself as both tenant and apartment manager. The fair market value of that apartment was $670/month, as Plaintiff acknowledged during the eviction hearing in Tarrant County Court. When Plaintiff refused to vacate the manager's apartment, it became necessary to file an eviction proceeding against him in Texas. As Managing Partner, Defendant attended the eviction hearing in Texas, and Mary Klecan also attended as Trust Advisory Committee Member.  The eviction petition was granted, and Plaintiff filed an appeal of the eviction order but the matter was settled when Plaintiff agreed to move into another apartment at La Plaza.  Plaintiff presents no material factual disputes on the subject of the apartment he was occupying and refused to leave, or on the eviction proceeding, although he does respond to those facts.  For example, Plaintiff does not deny that he paid $100 per month for an apartment with a fair market value of $670 per month. He simply states that he "paid rent on his own apartment" which was no longer the "manager's apartment" when he ceased being manager. Pltff's Resp. to Deft's SOF 62. However, these facts do not dispute those presented by Defendant.

      D.    <u>Undisputed Material Facts Relevant to Trustee's Proposed Schedule of Distribution to Plaintiff</u>

The Trustee prepared a proposed schedule of distribution for each beneficiary.  *See* Doc. 1-2 at 8-14.   All beneficiaries (except Plaintiff) approved the proposed schedule of distribution and signed a release and acknowledgment that they would not assert any claim against the Trust. Once the Trustee received a beneficiary's release and acknowledgment approving the Trustee's proposed distribution schedule, the Trustee distributed each beneficiary's share of proceeds from the apartment sale less an amount held in reserve for legal and related expenses in dealing with the various claims which Plaintiff has asserted and has threatened to assert.  Trustee Aff., ¶ 12. The proposed schedule of distribution which the Trustee provided to Plaintiff deducted the $70,000 in advances he has already received from the Trust and from Grantor, just as all advances to other beneficiaries were deducted from their shares.  *Id.,* ¶ 13.   The Trustee also deducted the costs Plaintiff has caused the Trust to incur, including the cost of the eviction proceeding.[4]  Plaintiff has objected to the proposed schedule of distribution which the Trustee provided to his attorney.  Plaintiff's only response to these facts concerning the proposed schedule of distribution is that his beneficiary share has been unlawfully retained, which is unresponsive to Defendant's facts, rendering them undisputed.

Defendant includes some black-letter law in the facts, referring to NMSA §46A-1-111, which provides that a trustee and trust beneficiary may enter into a settlement, that is binding and nonjudicial, with respect to any matter involving a trust including interpretation or construction of terms of the trust; approval of a trustee's accounting; and liability of a trustee for an action relating to the trust.  Pursuant to this provision, the Trustee attempted, unsuccessfully, to achieve a binding, non-judicial settlement of all trust matters with Plaintiff.

---

[4]   The Trustee felt it would not be fair for other Trust beneficiaries to bear expenses caused by Plaintiff, such as expenses for the eviction proceeding and rent owed by Plaintiff for the three months he refused to vacate the manager's apartment.  *See* Doc. 38 (Mem. Op. & Order) at 8-9.

10

This Court has the jurisdiction and authority to review the Trustee's administration of the Trust, approve/settle accounting of the Trust and approve termination of the Trust. NMSA §46A-4-410, 411.  Plaintiff does not argue with this statement of the law, but claims that the Trustee has not acted in good faith.

## II.    Legal Standard

Summary judgment is appropriate where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, that party must go beyond the pleadings and designate specific facts so as to 'make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment. *McKnight v. Kimberly Clark Corp*., 149 F.3d 1125, 1128 (10th Cir. 1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *Ford v. West*, 222 F.3d 767, 774 (10th Cir. 2000).

## DISCUSSION

The relevant and material facts are undisputed and the issue before the  Court  is straightforward.  The threshold issue for the Court is whether Plaintiff has, by his conduct, absolutely forfeited his inheritance share under the Trust's express terms.

The Klecan Trust provides that unless a beneficiary forfeits his/her share, each beneficiary is to receive a 1/8th share of the Trust. The Trust further expressly provides that such 1/8th share is in lieu of any other claim, right or interest of any nature which a beneficiary might have against or in the estate or the properties of the Trust:

> The beneficial provisions of this trust agreement and of each Grantor's Will are intended to be in lieu of any other rights, claims, or interests of any nature, whether statutory or otherwise, except bonafide predeath debts, which any beneficiary of this trust may have against or in each Grantor's estate or the properties in this trust.

*See* Section 14.5A of Klecan Trust.  Ex. 1 to Doc. 1.  The Klecan Trust then sets out the

forfeiture provision which states, in relevant part:

> Accordingly, if any beneficiary of this trust… asserts any claim whatsoever . . .
> statutory election, or other right or interest against or in either Grantor's estate,
> Will, or any properties of this trust, other than pursuant to the express terms
> hereof or of said Will, directly or indirectly contests, disputes, or calls into
> question, before any tribunal, the validity of this instrument or of said Will, then
> such beneficiary shall thereby absolutely forfeit any beneficial interests which
> such beneficiary might otherwise have under this instrument or said Will and the
> interests of the other beneficiaries hereunder shall thereupon be appropriately and
> proportionately increased.

The Trust thus provides that each beneficiary gets a 1/8th share unless a beneficiary

forfeits his/her share, and that 1/8th share is in lieu of any other claims, rights or interests of any

nature.

Plaintiff's claims of breach and lack of good faith is based on the Trustee's insistence that

Plaintiff sign an acknowledgment and release acknowledging approval of the proposed

distribution and a promise not to assert any other claims.  Plaintiff makes much of this

requirement, equating it with a form of coercion and contending there is no case law to support

such a requirement.  However, Plaintiff misunderstands that the specific terms of the Trust are

what controls the resolution of the legal questions in this case and those Trust terms were set in

place by the Grantors when they created the Trust.  Moreover, Plaintiff is just wrong in his

assertion that case law does not support the position of the Trustee.  When construing or

enforcing the terms of a trust, courts follow the intent of the grantors. *See In Re Cable Family

Trust,* 128 N.M. 127, 130 (2010) (in construing provisions of wills and trusts, the court must

attempt to ascertain and give effect to a grantor's intent).  The Klecan Trust contain explicit

forfeiture provisions, and these provisions created an either/or option for the beneficiaries.

Under these provisions, each beneficiary has a choice: accept a 1/8 share of the Trust which the

Grantors established and give up any and all other claims, rights, or interests a beneficiary might have *or* give up a 1/8th share in the Trust and pursue other claims a beneficiary might think he or she has.  But, as Defendant notes, beneficiaries cannot have it both ways.  Thus, Plaintiff can either agree to sign the release and acknowledgement and receive his inheritance or give up his inheritance and go forward with contesting the validity of the Trust provisions and the Grantor's selection of a Trustee.

"No-contest" clauses such as the ones contained in the Klecan Trust are generally strictly construed in New Mexico.  *See Redman-Tafoya v. Armijo,* 138 N.M. 836, 847 (N.M.App. 2005).  Courts nevertheless recognize the "paramount rule in the construction of wills" is that "the ascertainment and effectuation of the testator's intention is controlling."  *Id.*  Under the existing case law, the Klecan Trust forfeiture provisions (the "no-contest" provisions) are valid.  There is no basis to Plaintiff's claims of "coercion" or "breach" by the Trustee simply because she required Plaintiff to sign a release and acknowledgment before disbursing his inheritance share.  The Trustee's condition was entirely consistent with the Grantors' intent.  Because Plaintiff has refused to make this choice, it is entirely appropriate for the Trustee to seek this Court's determination on whether Plaintiff has forfeited his share, or an approval of the amount of any distribution to Plaintiff.

Whether a beneficiary has forfeited his interest in a trust depends upon the facts in the particular case and the language used by the grantors.  In this case, the Trustee contends that Plaintiff has committed a number of acts which constitute forfeiture under the terms of the Klecan Trust: during the eviction action, Plaintiff challenged the legal validity of the Second Amendment to the Trust which removed his five-year veto over the sale of the La Plaza Apartments and changed the number of individuals on the Trust Advisory Committee to three

13

members, namely, Mary Klecan, Mark Klecan and Defendant; and he has alleged willful misconduct, negligence and breach of Trust against the Trustee, and seeks damages of at least $453,000.00, which is significantly greater than the 1/8 inheritance share. Plaintiff has asserted other rights which are outside the express terms of the Klecan Trust, such as: the "right" to control or be involved in the sale of the La Plaza Apartments and the "right" to veto the sale of La Plaza, essentially disputing the validity of the Trust Amendments; and he has contested and disputed the Grantors' selection of Defendant as the Trustee.

Plaintiff adds nothing to counter the weight of evidence against his position. He attacks the accuracy of the accountings, making the rather ridiculous argument that if the Trustee had sought a determination of the forfeiture issue earlier, she would not have had to "coerce" him into signing a defective and improper release. *See* Doc. 40 at 22. This argument defies logic, since there was no need for the Trustee to seek a judicial determination on the forfeiture issue *until* Plaintiff decided not to sign the release. Plaintiff also makes an estoppel argument totally devoid of any merit, claiming that the Trustee should be estopped from offsetting $50,000.00 against Plaintiff's inheritance amount, since he had been promised a $50,000.00 bonus by his mother, one of the Grantors, but never received it. This argument fails. It is undisputed that Plaintiff received $50,000.00 as an advance from his inheritance share. *See* Doc. 40-1, ¶ 7; Ex. 36-1, ¶ 3. It is not clear whether Plaintiff was in fact entitled to a $50,000.00 "bonus" but the Court views the facts favorably to Plaintiff as it must, and assumes that Plaintiff was entitled to the bonus but never received it.[5] However, because the Court has determined that Plaintiff has forfeited his inheritance under the Klecan Trust, Plaintiff has been unjustly enriched by this advance, and is obligated to disgorge it and return the $50,000.00 to the Trust. Assuming that

---

[5] Defendant may have planned to address the $50,000.00 "bonus" issue in a reply. Since the Court is issuing this Opinion prior to the deadline for a reply, the Court finds no fault with Defendant for not having responded to the "bonus" issue.

Plaintiff was in fact supposed to receive a $50,000.00 bonus for having managed the La Plaza Apartments for 30 years, then the $50,000.00 Plaintiff has received as an "advance" (to which George has no right) takes the place of the bonus he was supposed to receive from the Trustee and which had been purportedly promised to him by his mother, Jane Klecan.  In other words, the issue ends in a "wash."

## II.    Plaintiff's Other Claims

The instant summary judgment motion seeks dismissal of Counts II and III only.  Count II alleges that the Trustee has refused to distribute trust assets in accordance with the trust terms and New Mexico law, and Count III alleges a breach of duty of loyalty by the Trustee in treating the Plaintiff with hostility while self-dealing with her immediate family members.  Defendant did not directly address Plaintiff's "self-dealing" argument in this motion, but the issue was addressed by the parties and considered by the Court in its previous Memorandum Opinion and Order denying Plaintiff's summary judgment motion.  In that Opinion, the Court rejected Plaintiff's argument that Defendant engaged in "self-dealing" by hiring her husband, Abraham Santillanes, to oversee the repairs needed to prepare La Plaza Apartments for sale.

Uncontroverted evidence was presented that during their lifetimes, the Grantors had hired Abraham Santillanes to oversee and supervise repairs to, and the sale of, other apartments they owned.  As a result, the Court found that in hiring Mr. Santillanes to oversee the repair work at La Plaza, the Trustee was following the same procedures which her parents, the Grantors, had followed in the past.  Doc. 38 at 8 and 11.  In his summary judgment motion, Plaintiff had presented no facts which would suggest otherwise, and presents none here in response to Defendant's motion. Therefore, Defendant is entitled to summary judgment on Counts II and III.

While Defendant has not sought summary judgment on Plaintiff's other counts, the Court finds that its ruling on the forfeiture issue necessarily dispenses with Plaintiff's other claims. Based on the undisputed facts and the explicit and unambiguous terms of the Trust's forfeiture provisions, the Trustee's conduct cannot be reasonably viewed as a "breach" or as "willful misconduct" simply because the Trustee required Plaintiff to sign a release prior to receiving his share of the inheritance.  As explained above, the requirement was an acceptable method of determining whether a beneficiary was willing to accept his share and abandon any other claims against the Trust *or* forfeit that share and proceed with other rights and claims he thinks he might have. Thus, Plaintiff's claims of bad faith against Defendant and seeking her removal as Trustee in Counts I and IV have no basis on the factual record before the Court.  Count V is also derivative of the forfeiture issue because it requests that the Court declare that the "contestability" provision of the trust has not been triggered.  It obviously *has* been triggered and in fact was the pivotal issue in deciding whether Plaintiff had forfeited his inheritance under the Trust.  Last, Count VI requests injunctive relief to enjoin the Trustee from setting aside an unreasonable amount of Trust funds as a reserve for litigation.  There is no reason to keep this claim alive, either.  Since the Court has decided that Plaintiff has forfeited his share of the Klecan Trust and will not be receiving any amount from his inheritance, Plaintiff has no reason to question what appears to the Court to be a prudent decision to set aside expenses for litigation—such as those incurred by the Trust in having to respond to Plaintiff's challenges to the terms of the Trust and the actions of the Trustee.

## CONCLUSION

In sum, the Court finds and concludes that in seeking to invalidate or nullify provisions of the Trust and by calling into question the terms of the Trust and the actions of the Trustee,

Plaintiff has forfeited his inheritance share, under the "no-contest" provisions contained in the Klecan Trust.  Defendant is therefore entitled to summary judgment on Counts II and III of the complaint.

The Court also finds and concludes that all of Plaintiff's claims in the complaint are derivative of the forfeiture issue, and thus Counts I, IV, V and VI shall also be dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Summary Judgment (**Doc. 36**) is hereby GRANTED on Counts II and III for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff's other claims asserted in Counts I, IV, V and VI are dismissed with prejudice for reasons described in this Memorandum Opinion and Order.

A Rule 58 Judgment shall issue by separate order.

_____
UNITED STATES DISTRICT JUDGE